## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | : | |
| | : | |
| vs. | : | NO. 3:16-CV-02515-MEM |
| | : | |
| ROBERT A. POLASHENSKI | : | |
| KATHLEEN POLASHENSKI A/K/A | : | |
| KATHLEEN A. POLESHENSKI, | : | |
| | : | |
| Appellant | | |

### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

**NOW COMES**, the Defendants, Robert A. Poleshenski and Kathleen Polashenski, his

wife, responds to the Plaintiff, United States of America's, Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

**FILED**
**SCRANTON**

FEB 2 7 2017

Per _____
DEPUTY CLERK

7. Denied. Defendants are without any knowledge as to the truth or falsity as to the

allegations and the same are deemed denied pending Defendants full receipt of discovery

disclosure, including but not limited to the right to inspect the original note.

8. Admitted solely as to the issue of identification of the property.

9. Denied. It is denied that the Defendants are in default and/or is noncompliant with

any mortgage/note. Further still, this allegation sets forth a factual and legal conclusion in

dispute and as such, no further response is required. Defendants have sought an audit and transactional history report in order to determine the nature and extent of any purported default.

10. Denied. It is denied that the Defendants are in default and/or noncompliant with any mortgage/note. By way of further allegation, the allegations of this paragraph set forth a factual and legal conclusion in dispute and, as such, no further response is required. Defendants have sought an audit and transactional history report in order to determine the nature and extent of any purported default.

11. Denied. It is denied that the Defendants are in default and/or noncompliant with any mortgage/note. By way of further allegation, the allegations of this paragraph set forth a factual and legal conclusion in dispute and, as such, no further response is required. Defendants have sought an audit and transactional history report in order to determine the nature and extent of any purported default.

12. Denied. This allegation sets forth a factual and legal conclusion in dispute and, as such, no further response is required. Defendants deny that they defaulted on any obligation whatsoever. Defendants deny that Plaintiff's properly served any Notice of Intent to Foreclose properly worded as required by law. Strict proof shall be demanded at the time of trial.

13. Denied. Defendants are without any knowledge as to the truth or falsity as to the allegations and the same are deemed denied.

**WHEREFORE**, Defendants pray for relief as follows:

a. Dismissing the Complaint;

b. Awarding actual and statutory damages;

c. Costs, declaratory and injunctive relief;

d. Declaring the mortgage void and unenforceable and/or rescinding and/or reforming the mortgage;

e. Awarding a judgment for relief requested in any counterclaim; and

f. Granting any such other relief as the Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO STATE CAUSE OF ACTION

Plaintiff's Complaint fails to state a cause of action for which relief can be granted because Plaintiff may not have owned and/or held the subject note and mortgage at the time of filing this action and thus Plaintiff did not have standing to proceed. By way of further response, the mortgage attached to the Complaint shows someone other than the Plaintiff to be holder and mortgagee.

## SECOND AFFIRMATIVE DEFENSE
## FAILURE TO JOIN INDESPENSABLE PARTIES

Plaintiffs have failed to join indispensable parties: to wit the person or entity that actual owns and holds the note and mortgage and did so at the time of the filing of this suit. In order to pursue a valid foreclosure action on the subject property, all persons or entities who claim an interest in the note, the mortgage, or the property, must be named as a Defendant in the foreclosure action.

## THIRD AFFIRMATIVE DEFENSE
## WAIVER/ESTOPPEL

Plaintiff's claims are barred by the doctrine of waiver and/or estoppel

## FOURTH AFFIRMATIVE DEFENSE
## STATUTE OF LIMITATIONS

Plaintiff's claim is barred in whole or in part by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE
## FAILURE TO MITIGATE DAMAGES/COMPARATIVE FAULT

To the extent that Plaintiff has sustained any damages which Defendants deny, such damages were caused in whole or in part by the comparative fault of the Plaintiff and/or third parties.

## SIXTH AFFIRMATIVE DEFENSE
## GOOD FAITH AND FAIR DEALING

It has been long held and recognized that a duty to perform in good faith is an implicit term of every agreement. State statutes permit the acceleration of a note only of the lender in good faith believes that the prospect of payment or performance is impaired. Foreclosing due to late payments or only a few missed payments is action brought is bad faith. Since the prospect of payment has not been impaired, the foreclosure action should be dismissed.

**WHEREFORE**, Defendants pray for relief as follows:

a. Dismissing Plaintiff's Complaint;

b. Awarding actual and statutory damages;

c. Costs, declaratory and injunctive relief;

d. Declaring the mortgage void and unenforceable and/or rescinding and/or reforming the mortgage;

e. Awarding a judgment for relief requested in any counterclaim; and

f. Granting any such other relief as the Court deems just and proper.

By: _____
ROBERT A. POLASHENSKI

By: _____
KATHLEEN POLASHENSKI A/K/A
KATHLEEN A. POLESHENSKI

## RESERVATION OF DEFENSE

Defendants hereby reserve the right to add additional Affirmative Defenses in

Counterclaims as they are made known during the course of discovery.

**IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | : | |
| | : | |
| vs. | : | NO.  3:16-CV-02515-MEM |
| | : | |
| ROBERT A. POLASHENSKI | : | |
| KATHLEEN POLASHENSKI A/K/A | : | |
| KATHLEEN A. POLESHENSKI, | : | |
| | : | |
| Appellant | | |

**CERTIFICATE OF SERVICE**

We, ROBERT A. POLASHENSKI and KATHLEEN POLASHENSKI A/K/A

KATHLEEN A. POLESHENSKI do hereby certify that on the date indicated below, we served a

true and correct copy of Defendant's Answer to Plaintiff's Complaint via U.S. mail, first class,

postage prepaid upon counsel for the Plaintiff at the following address:

KML Law Group
Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106

Dated: 2-27-17

By: _____
ROBERT A. POLASHENSKI

By _____
KATHLEEN POLASHENSKI A/K/A
KATHLEEN A. POLESHENSKI