Thomas I. Puleo, Esquire
PA Attorney Identification No. 27615
KML Law Group, P.C.
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA 19106-1532
(215) 825-6309
Attorneys for Plaintiff

Robert A. Polashenski
Kathleen Polashenski
1147 Ridge Street
Freeland, PA 18224
Defendants - pro se

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*<br><br>v.<br><br>ROBERT A. POLASHENSKI<br>KATHLEEN POLASHENSKI A/K/A<br>KATHLEEN A. POLASHENSKI<br>*Defendants* | CIVIL ACTION NO. 3:16-2515 |

### JOINT CASE MANAGEMENT PLAN

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 12/09)

1. **Principal Issues**

    1.1   Separately for each party, please give a statement summarizing this case:
    By plaintiff(s):

    This is an action in mortgage foreclosure for non-payment of the monthly installments due under the terms of the mortgage and note. The account is delinquent from January 15, 2014.

    By defendant(s):

    Defendants deny the default of the mortgage obligations and assert that Plaintiff lacks standing, were not provided proper notice of intention to foreclose and that Plaintiff has not acted in good faith and fair dealing.

    1.2   The facts the parties <u>dispute</u> are as follows:

    The default in payments.

    <u>agree</u> upon are as follows:

    The identity of the parties, the execution of the note and mortgage, and its recording, and the re-amortization of the note.

    1.3   The legal issues the parties <u>dispute</u> are as follows:

    Whether Plaintiff has standing to foreclose; whether Plaintiff's notice is in compliance with the law; whether Plaintiff owes a duty of good faith and fair dealing to Defendants.

    agree upon are as follows:

    None.

    1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

    None.

    1.5   Identify any named parties that have not yet been served:

    None.

1.6    Identify any additional parties that:

 plaintiff(s) intends to join: None.

 defendant(s) intends to join: None.

1.7    Identify any additional claims that:

 plaintiff(s) intends to add: None.

 defendant(s) intends to add: None.

## 2.0    Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by Plaintiff:

| Name | Title/Position |
|---|---|
| Cathy Diederich<br>Default Management Branch<br>Centralized Servicing Center<br>Rural Development<br>U.S. Department of Agriculture<br>4300 Goodfellow Blvd. - FC 215<br>St. Louis, MO 63120 | Foreclosure Representative |

Disclosed by Defendant:

| Name | Title/Position |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**3.0  Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion for Summary Judgment | Plaintiff | On or before June 30, 2017 |

**4.0  Discovery**

4.1  Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): None.

By defendant(s): None.

4.2  Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Payment history to be provided to Defendants.

4.3  Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None.

4.4  Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

None.

4.5  For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.5.1 depositions (excluding experts) to be taken by:

        plaintiff(s): __0__         defendant(s): __0__

    4.5.2 interrogatories to be served by:

        plaintiff(s): __0__         defendant(s): __0__

    4.5.3 document production requests to be served by:

        plaintiff(s): __0__         defendant(s): __1__

    4.5.4 requests for admission to be served by:

        plaintiff(s): __0__         defendant(s): __0__

4.6    Discovery of Electronically Stored Information

9 Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

9 Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5.0 Protective Order

5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

## 6.0 Scheduling

6.1    Final date for joining additional parties:

    __4/30/17__ Plaintiff(s)
    __4/30/17__ Defendants(s)

6.2 Final date for amending pleadings:

    __4/30/17__ Plaintiff(s)

    __4/30/17__ Defendants(s)

6.3 All fact discovery commenced in time to be completed by:
    __5/31/17__

6.4 All potentially dispositive motions should be filed by: __6/30/17__

6.5 Reports from retained experts due:

    from plaintiff(s) by __N/A__

    from defendant(s) by __N/A__

6.6 Supplementations due __N/A__

6.7 All expert discovery commenced in time to be completed by N/A. No expert discovery is necessary.

6.8 This case may be appropriate for trial in approximately:

    _X_ 240 Days from the filing of the action in this court

    ___ 365 Days from the filing of the action in this court

    ___ Days from the filing of the action in this court

6.9 Suggested Date for the final Pretrial Conference:

    __August 2017__ (month/year)

6.10 Trial

    6.10.1 Suggested Date for Trial:

    __September 2017__ (month/year)

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Name   Cathy Diederich ,

Title   Foreclosure Representative

Address   U.S. Department of Agriculture, Rural Development
4300 Goodfellow Blvd. - FC 215
St. Louis, MO  63120

(314) 457-5514     Daytime Telephone

Name   Robert Polashenski and Kathleen Polashenski

Title   *[signature: Robert & Kathleen Polashenski]*

Address   1147 Ridge Street, Freeland, PA 18224

(570) 956-0233     Daytime Telephone

**8.0   Alternative Dispute Resolution ("ADR")**

   8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

   ADR procedure _____

   Date ADR to be commenced_____
   Date ADR to be completed_____

   8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

   8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. Sec. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: _X_ Y __ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    _X_ Scranton/Wilkes-Barre

    ___ Harrisburg

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0 Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Thomas I. Puleo, Esquire
KML Law Group, P.C.
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA 19106-1532
(215) 825-6309
Attorneys for Plaintiff

Robert A. Polashenski
Kathleen Polashenski
1147 Ridge Street
Freeland, PA 18224
Defendants - pro se

Dated: 3/22/2017 _____
Attorney for Plaintiff
__X__ ECF User
_____ Waiver requested (as separate document)
_____ Fed.R.Civ.P.7.1 (statement filed if necessary)*


Dated: 3/22/2017 _____
Attorneys for Defendants
_____ ECF User
_____ Waiver requested (as separate document)
_____ Fed.R.Civ.P.7.1 (statement filed if necessary)*


* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.