UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                              *Plaintiff*<br><br>v.<br><br>ROBERT A. POLASHENSKI and<br>KATHLEEN POLASHENSKI a/k/a KATHLEEN<br>A. POLASHENSKI,<br>                              *Defendants* | CIVIL ACTION NO. 3:16-CV-2515 |

## MEMORANDUM OF LAW IN SUPPORT OF THE
## UNITED STATES' MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

The United States of America on behalf of its agency, United States Department of Agriculture, Rural Housing Service, hereinafter "Plaintiff," submits this memorandum of law in support of its motion for summary judgment. This Court has jurisdiction under 28 U.S.C. § 1345. As shown below, there are no material issues of fact in dispute and Plaintiff is entitled to judgment as a matter of law.

### PROCEDURAL HISTORY

This is an action to foreclose a certain real property mortgage dated and acknowledged September 15, 1986 by Defendants, Robert A. Polashenski and Kathleen Polashenski a/k/a Kathleen A. Polashenski. The mortgage was given to secure a promissory note signed by the Defendant in the original principal amount of $35,900.00. Plaintiff filed its Complaint on December 23, 2016. Defendants filed an Answer and Defenses to the Complaint on February 27, 2017.

The Answer admits the allegations in Plaintiff's Complaint with regard to the jurisdiction of this Court (paragraph 1), the address of the Defendant (paragraph 2), the execution of making of the loan by executing the Promissory Note and Mortgage (paragraphs 3 through 5), the reamortization of the Promissory Note (paragraph 6), and the legal description of the property (paragraph 8). Defendants deny that Plaintiff is the holder of the Note and Mortgage on the basis of lack of knowledge (paragraph 7). Defendants deny the default in payments on the Note and Mortgage, as well as Plaintiff's acceleration of the indebtedness, asserting that she has requested an audit and transactional history for the loan (paragraphs 9 and 10). Similarly, Defendants assert the same response to the amounts due and owing set forth in the Complaint (paragraph 11). Defendants also deny that Plaintiff sent them a notice of intention to foreclose worded as required by law (paragraph 12). Finally, Defendants deny the averments that no other action has been brought by Plaintiff to enforce the Note or Mortgage and that all legal requirements to foreclosure have been met (paragraph 13).

In their First Affirmative Defenses, Defendants claim that Plaintiff has failed to state a cause of action on the basis that it may not have owned or held the Note and Mortgage, and thus Plaintiff lacked standing. In their Second Affirmative Defense, Defendants assert that Plaintiff has failed to join indispensable parties, to wit, the persons or entities who actually own or hold the Note and Mortgage. In the most general fashion, Defendants then assert the doctrine of waiver and/or estoppels (Third Affirmative Defense), statute of limitations (Fourth Affirmative Defense), failure to mitigate damages caused by the comparative fault of Plaintiff or other third parties (Fifth Affirmative Defense), and finally, that Plaintiff has not acted in good faith and fair dealing in brining this action in mortgage foreclosure (Sixth Affirmative Defense). Defendants have not alleged any facts whatsoever in support of these defenses.

Thus, Defendant has failed to place into dispute any material facts or refute Plaintiff's right to summary judgment as a matter of law. Defendant's responsive pleading consists of either admissions or general denials with no real affirmative defenses being asserted, and therefore does not constitute a defense to this foreclosure action.

## STATEMENT OF FACTS

On September 15, 1986, Defendants, Robert A. Polashenski and Kathleen Polashenski a/k/a Kathleen A. Polashenski, obtained a loan from Plaintiff pursuant to Title V of the Housing Act of 1949, as amended, 42 U.S.C. § 1471 *et seq.*, in the original principal amount of $35,090.00, and executed a Promissory Note. As security for this loan, Defendants executed and delivered a Mortgage covering the real property at issue. The loan was to be repaid with interest at specified rates over a specified number of years and is evidenced by the Promissory Note executed and delivered to Plaintiff by Defendants. The Mortgage was duly recorded in the Luzerne County Office of the Recorder of Deeds. In addition to the Mortgage and Note, on September 15, 1986 Defendants also executed a Subsidy Repayment Agreement. The Promissory Note was re-amortized on March 15, 1997 in the amount of $34,672.89, and again on September 15, 1999 in the amount of $42,147.26.

Because of various defaults in payments due, including the failure to pay installments of principal and interest when due, the account was accelerated on December 8, 2014, and Plaintiff sent to Defendants a "NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S); DEMAND FOR PAYMENT OF THAT DEBT; NOTICE OF RIGHT TO CURE YOUR DELINQUENCY; NOTICE OF INTENT TO FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING THIS ACTION." Plaintiff thereafter initiated the instant foreclosure action on December 23, 2016 by filing a Complaint.

On February 27, 2017, Defendants filed an Answer and Affirmative Defenses consisting almost exclusively of general denials, demands for proof and containing no factual allegations regarding the default in payments and/or the amounts due and owing on account. Nor have Defendants alleged any facts whatsoever to support their affirmative defenses which consist solely of conclusory statements of law.

The default on this loan is fully documented and essentially undisputed. Plaintiff therefore respectfully suggests it is entitled to summary judgment as a matter of law.

## ISSUES

Is the United States of America entitled to judgment as a matter of law in this matter where the undisputed material facts reveal that the Defendants defaulted on repayment of a promissory note secured by a mortgage pursuant to the provisions of Title V of the Housing Act of 1949, as amended, 42 U.S.C § 1471, *et seq.*?

## ARGUMENT

The United States Department of Agriculture, Rural Housing Service made a loan to Defendant in December 1993 pursuant to Title V of the Housing Act of 1949, as amended, 42 U.S.C. § 1471, *et seq.* This loan was secured by the mortgage which is the subject of this action.

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106

S.Ct. 2505, 91 L.Ed.2d 202 (1986). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52. In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." *A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006); *accord Celotex Corporation v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted. *Celotex Corporation v. Celotex*, 477 U.S. at 322. With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-50. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. *Id.* 1t 252; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial. *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 (3d Cir. 1999).

In the instant matter, Plaintiff respectfully suggests there is no genuine issue as to any material fact. An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. A fact is "material" if proof of its existence of nonexistence would affect the outcome of the lawsuit under the applicable law to the case. *Ibid.*

"In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation." *Chemical Bank v. Dippolito*, 897 F.Supp. 221, 224 (E.D.Pa. 1995) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action). Conversely, to defeat Plaintiff's motion for summary judgment, Defendant must raise a disputed issue of material fact regarding his defense. *Id. See also United States v. Tarbert, 3:14-cv-2156, 2016 WL 297705* (M.D.Pa. 2016) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action following default on mortgage loan granted pursuant to Title V of the Housing Act of 1949 where defendant failed to submit any evidence that would create a genuine issue of material fact regarding the default on her obligation); *United States v. Zera*, No. 13-cv-5264, 2014 WL 1632139 (E.D.Pa. 2014) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action following default on mortgage loan granted pursuant to Title V of the Housing Act of 1949); *United States v. Harding*, No. 3:13-cv-564, 2013 WL 3989155 (M.D.Pa. 2013) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action following default on mortgage loan granted pursuant to Title V of the Housing Act of 1949); *United States v. Abell*, No. 1:09-cv-715, 2012 WL 37627 (M.D.Pa. 2012) (same); *HSBC Bank USA, N.A. v. Keenhold*, No. 4:08-cv-1024, 20090 4:08-cv-1024, 2009 U.S. Dist. LEXIS 16081, 2009 WL 523092 (M.D.Pa. Mar. 2, 2009) (quoting *Chemical Bank*); *United States v. Asken*, No. 01-cv-0026, 2002 U.S. Dist. LEXIS

22264, 2002 WL 32175416 (E.D.Pa. Oct. 28, 2002) (granting plaintiff's motion for summary judgment in a mortgage foreclosure action following defendants' default on a loan granted pursuant to Title V of the Housing Act of 1949).

In this case the undisputed facts show that Plaintiff made a loan to Defendants on September 15, 1986 in the amount of $35,090, evidenced by a promissory note and secured by a mortgage upon their real estate, and that Defendants have defaulted in payments on the loan. In addition, the default and the amounts due and owing on account are supported by an affidavit from a Foreclosure Representative from the United States Department of Agriculture, Rural Housing Service, in support of this motion pursuant to Fed.R.Civ.P. 56(c)(4), which includes, in addition to the factual averments, copies of the promissory note and mortgage, subsidy repayment agreement, notice of intent to foreclose, payment history, statement as to the amount of subsidies received, and a payoff statement.

### A. Defendants' Answer

Defendants' Answer consists wholly of bare denials or statements asserting a lack of knowledge. Plaintiff respectfully suggests these responses, without more, are insufficient to withstand the challenge brought by the instant motion. Fed.R.Civ.P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 586. As noted above, Fed.R.Civ.P. 56(e) provides that the non-moving party cannot defeat summary judgment by resting "upon the mere allegations or denials of his pleading." *Id.* In her Answer, Defendants admit the first six paragraphs of Plaintiff's Complaint, that is, the jurisdiction of this Court, their last known address, the execution of the promissory note and mortgage, and the last re-amortization of the promissory note on September 15, 1999. In addition, Defendant admit paragraph 8 reciting the legal description identifying the property secured by the mortgage.

Defendants deny that Plaintiff is the holder of the Note and Mortgage on the basis of lack of knowledge (paragraph 7). Although Defendants deny knowing whether or not the United States is the holder and owner of the promissory note and mortgage, this fact is evidenced by the loan instruments and supported by affidavit. Defendants, on the other hand, have not produced any evidence to the contrary and the general denials based upon lack of knowledge in their Answer are insufficient to create a genuine issue of material fact to defeat summary judgment. *Bhatla v. U.S. Capital Corp.*, 990 F.2d 780, 787 (3d Cir. 1993). *See also, United States v. Zera*, 2014 WL 1632139 at *3 (E.D.Pa. 2014) (where the district court held that the affirmative defense asserted by the defendant, based upon bald allegations and without any evidentiary support, that plaintiff failed to prove valid ownership of any right to collect under the mortgage was insufficient to defeat summary judgment).

Defendant further denies that the Note and Mortgage are in default as a result of the failure to make payments, as well as Plaintiff's acceleration of the indebtedness, asserting that they have "sought an audit and transactional history report in order to determine the nature and extent of any purported default" (paragraphs 9 and 10). Similarly, Defendants assert the same response to the amounts due and owing set forth in the Complaint (paragraph 11). The default in payments and the amounts due and owing on account is also supported by affidavit. Additionally, the payment history attached to the affidavit had been provided to Defendants through informal discovery prior to the filing of this motion. Thus, these denials are insufficient to deny summary judgment where the Defendants have failed to adduce any evidence showing they are not in default. To defeat summary judgment, the non-moving party cannot rest simply on the allegations in the pleadings, but must rely on affidavits, depositions, answers to interrogatories, or admissions on file. *GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 199

Case 3:16-cv-02515-KM   Document 16   Filed 06/21/17   Page 9 of 12


(3d Cir. 2001). *See also, United States v. Harding,* 2013 WL 3989155 at *3, FN 4 (M.D.Pa. 2013) (where the district court held that similar denials based upon lack of knowledge, information, or belief were insufficient to defeat summary judgment).

In their Answer, Defendants deny that Plaintiff mailed the notice of intention to foreclose by certified mail as a legal conclusion, further denies there is a default, and asserts that the notice was not properly worded as required by law (paragraph 12). The "Notice of Acceleration of your Mortgage Loan(s); Demand for Payment of that Debt; Notice of Right to Cure your Delinquency; Notice of Intent to Foreclose; and Notice of your Opportunity to Have a Hearing Concerning this Action" sent to Defendants on December 8, 2014 advised them that the loan was being accelerated and demanded full payment of the account including unpaid principal and interest, advances and subsidy subject to recapture. The Notice further informed Defendants of the reason for the acceleration (monetary default), the amount due, the method of payment, the right to cure the default within 30 days of the receipt, the right to an informal discussion with an RHS officer, and the right to an administrative appeal with a member of the National Appeals Division Area Supervisor by requesting the within 30 days. The notice of rights and procedure for a hearing and appeal are in accordance with the National Appeals Division ("NAD") of the United States Department of Agriculture. 7 U.S.C. §§ 6992-7002. Thus, the notice sent to Defendants in this case complied with federal foreclosure notice requirements and was sent by certified mail, return receipt requested, all as required by 7 C.F.R. § 1955.15(d)(2).

Defendants also deny that Plaintiff has complied with all conditions precedent to bringing this action in mortgage foreclosure, and further deny that Plaintiff complied with the provisions of 7 C.F.R. § 3550.207 (paragraph 12) on the basis of lack of knowledge. However, Defendants do not affirmatively assert any facts or defenses to the contrary.

## B. AFFIRMATIVE DEFENSES

Defendant has asserted a myriad of "affirmative defenses" to this action in mortgage foreclosure, most with little or no factual support, such as failure to state a cause of action, failure to join indispensible parties, wavier or estoppel, statute of limitations, failure to mitigate damages, and the failure to act in good faith.

Clearly, Plaintiff has set forth a cause of action in mortgage foreclosure in showing the existence of an obligation secured by a mortgage, and a default on that obligation. *Chemical Bank v. Dippolito*, 897 F.Supp. at 224. Defendants has provided no factual basis for their claim that Plaintiff has failed to join any indispensible parties in this action which is premised on the same unsupported assertion in her Answer that Plaintiff does not own or hold the mortgage and note. As indicated above, this fact is evidenced by the loan instruments and supported by affidavit. The only parties to this loan transaction are the Plaintiff as the mortgagee and Defendants as the mortgagors. With regard to the defense of waiver and/or estoppel, Defendants has not provided a scintilla of evidence how this doctrine has any application in this case.

The statute of limitations is not a defense to this action. The limitation period in Pennsylvania to commence an action in mortgage foreclosure is twenty years. 42 Pa.C.SA. § 5529(b). *In re Estate of Snyder*, 13 A.3d 509 (Pa.Super. 2011). An action upon a negotiable instrument, note or other similar wirtings is four years. 42 Pa.C.S.A. § 5525(7). The limitations period begins to run from the date the mortgagor defaulted on the mortgage. *Atlantic National Trust Limited Liability Company v. Ruddy*, 2015 WL 7356215 at *6 (Pa.Super. 2015). The statute of limitations for actions brought by the United States founded upon any contract express or implied is six years. 28 U.S.C. § 2415. Since this action was filed in December 2016 for a breach of the mortgage instrument by failing to make payments from January 2014, there is no

question that this action is not barred by the applicable limitation period under either state or federal law.

Finally, with regard to Defendants' Affirmative Defense that Plaintiff failed to act in good faith and with fair dealing, Pennsylvania courts have held that there is no independent cause of action for breach of implied duty of good faith and fair dealing without an underlying breach of contract. *Donahue v. Federal Express Corp.*, 753 A.2d 238 (Pa.Super. 2000). Nor do the Pennsylvania courts permit the implied covenant of good faith and fair dealing to change the express terms of a contract. The implied duty of good faith and fair dealing is recognized in Pennsylvania in limited situations. A lending institution does not violate a separate duty of good faith by adhering to its agreements with a borrower or by enforcing its contractual rights as a creditor. *Creeger Brick and Building Supply Inc. v. Mid-State Bank and Trust Co.*, 385 Pa.Super. 30, 36, 560 A.2d 151, 154 (1989); *Geesey v. CitiMortgage, Inc.*, 135 F.Supp.3d 332, 346 (W.D.Pa. 2015). The Supreme Court of Pennsylvania has refused to impose a duty of good faith which would modify or defeat the legal rights of a creditor. *Heights v. Citizens National Bank*, 463 Pa. 48, 342 A.2d 738 (1975).

## CONCLUSION

Plaintiff has evidenced the existence, extent and priority of an obligation in its favor, secured by a mortgage, and a default of that obligation. In response, Defendants have failed to show the existence of any material fact in dispute, or to adequately challenge Plaintiff's right to judgment as a matter of law. Accordingly, Plaintiff respectfully suggests it is entitled to the grant of the requested relief.

Respectfully submitted,

KML LAW GROUP, P.C.


By: /s/ Thomas I. Puleo
Thomas I. Puleo, Esquire
Pennsylvania Attorney I.D. No. 27615
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6309 (Direct)
email: tpuleo@kmllawgroup.com
Original signature not required/electronic filing

Date: 6/21/17