# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff <br> v. <br><br> ROBERT A. POLSHENSKI, et al, <br><br> Defendants | CIVIL ACTION NO. 3:16-CV-2515 <br><br> (MEHALCHICK, M.J.) |

## **MEMORANDUM**

Before the Court is a motion for summary judgment filed by the plaintiff in this matter, the United States of America. The motion (Doc. 15), was filed on June 21, 2017, together with a brief in support (Doc. 16), and an affidavit in support, with exhibits (Doc. 17). No brief in opposition has been filed in this matter, despite the Court extending the deadline for filing the same. (Doc. 18). Accordingly, this motion is ripe for disposition. For the following reasons, the Court will grant the motion for summary judgment.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 23, 2016, Plaintiff, the United States of America, on behalf of its agency, the United States Department of Agriculture, Rural Housing Service, instituted this action to foreclose a certain real property mortgage held by Defendants, Robert A. Polashenski and Kathleen Polashenski. (Doc. 1). Defendants filed an Answer and Defenses on February 27, 2017. (Doc. 5). The parties consented to the jurisdiction of the undersigned magistrate judge on April 20, 2017. (Doc. 10; Doc. 11). Following the issuance of a case management order (Doc. 14) and a brief period of discovery, Plaintiff filed the instant motion for summary judgment, together with brief in support and affidavit and exhibits in support of the motion.

The undisputed facts in the record before this Court are as follows.[1] On September 15, 1986, Defendants entered into a mortgage with Plaintiff for a property located at 1147 Ridge Street, Freeland, Pennsylvania. (Doc. 17-1, at 1). The mortgage was given as security for payment of a Promissory Note in the amount of $35,090.00. (Doc. 17-1, at 5). On September 15, 1999, the Promissory Note was reamortized for the second time in the amount of $42,147.26. (Doc. 17-1, at 14). Defendants have not made any payments to bring the Mortgage current since January 15, 2014. (Doc. 17, at ¶¶ 9-10). On December 8, 2014, Plaintiff mailed Defendants a "Notice of Acceleration of Your Mortgage Loan(s); Demand for Payment of That Debt; Notice of Right to Cure Your Delinquency; Notice of Intent to Foreclose and Notice of Your Opportunity to Have A Hearing Concerning This Action" to Defendants' last known address. (Doc. 17-1, at 16). As of the date of the filing of the instant motion for summary judgment, the amounts due and owing on the mortgage totaled $33,514.98. (Doc. 17, at ¶ 16).

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect

---

[1] To comply with Local Rule 56.1, a nonmovant should (1) clearly and unequivocally admit or deny whether each fact contained in movant's statement of facts is undisputed and/or material, (2) set forth the basis for any denial if any fact is not admitted in its entirety, and (3) provide a citation to the record that supports any such denial. *Occhipinti v. Bauer*, No. 3:13-CV-1875, 2016 WL 5844327, at *3 (M.D. Pa. Sept. 30, 2016) (emphasis added); *Park v. Veasie*, 2011 WL 1831708, *4 (M.D. Pa. 2011). Material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. Defendants have not filed any papers in opposition to the Plaintiff's motion for summary judgment; as such, the Court deems the statements of fact submitted by Plaintiff to be admitted.

the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the

complaint or a sworn statement, cannot be used to obtain or avoid summary judgment when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment.").

## III. DISCUSSION

Plaintiff has moved for summary judgment, submitting that it is entitled to judgment as a matter of law in this matter where the undisputed material facts reveal that the Defendants defaulted on repayment of a promissory note secured by a mortgage pursuant to the provisions of Title V of the Housing Act of 1949, as amended 42 U.S.C. § 1471, *et seq*.

"'In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default of that obligation.'" *United States v. Werner*, 2015 WL 1014041, *4 (M.D. Pa. 2015) (*quoting Chemical Bank v. Dippolito*, 897 F. Supp. 221, 224 (E.D. Pa. 1995)). "'The entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount.'" *Wilson v. Parisi*, 549 F. Supp. 2d 637, 655 (M.D. Pa. 2008) (*quoting Landau v. W. Pa. Nat'l Bank*, 445 Pa. 217 (Pa. 1971)); *see Werner*, 2015 WL 1014041 (*quoting Wilson*, 549 F. Supp. 2d at 655).

As recited above, the undisputed evidence before the Court establishes that on September 15, 1986, Defendants entered into a mortgage with Plaintiff for a property located at

1147 Ridge Street, Freeland, Pennsylvania, which was given as security for payment of a Promissory Note in the amount of $35,090.00. (Doc. 17-1, at 1, 5). The record also establishes that on September 15, 1999, the Promissory Note was reamortized for the second time in the amount of $42,147.26. (Doc. 17-1, at 14). The undisputed record also establishes that Defendants are in default of their obligations by failing to make payments when due, that Defendants have not made any payments to bring the Mortgage current since January 15, 2014, that Defendants received notice of acceleration and intent to foreclose, and finally, that Defendants have not cured the default. As of the date of the filing of the instant motion for summary judgment, the amounts due and owing on the mortgage totaled $33,514.98. (Doc. 17, at ¶¶ 9-10, 16; Doc. 17-1, at 16).

  Defendants' answer to the complaint (Doc. 5) contains denials or assertions that they lack knowledge about the claims made in the complaint. Defendants admit that they executed the promissory note and the mortgage, and to the legal description of the property secured by the mortgage. (Doc. 5). Defendants deny that Plaintiff is the holder of the mortgage on the basis that they lack knowledge. They also deny that they are in default, stating that they sought an audit and transactional report to determine the nature of the alleged default and the amounts due and owing as alleged in the complaint. (Doc. 5, ¶¶9-11).However, the payment history and the amounts due and owing are established in the undisputed evidence before this Court (Doc. 17), and a non-moving party may not rest simply on the allegations in the pleadings to defeat a motion for summary judgment. *Belnick, Inc. v. TBB Glob. Logistics, Inc.*, 106 F. Supp. 3d 551, 558 (M.D. Pa. 2015); *Berckeley Inv. Group. Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir.2006); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Defendants also assert a number of affirmative defenses (Doc. 5), including that Plaintiff has failed to state a claim, failed to join indispensable parties, waiver and estoppel, statute of limitations, failure to mitigate damages, and failure to act in good faith. Defendant has failed to advance any of these affirmative defenses outside of her answer, and has not submitted any evidence that would create a genuine issue of material fact regarding the default of her obligation. Again, "mere assertions set out in a pleading are insufficient to defeat summary judgment." *Werner*, 2015 U.S. Dist. LEXIS 28290, at *13, 2015 WL 1014041 (*citing Bhatla v. U.S. Capital Corp.*, 990 F.2d 780, 787 (3d Cir. 1993)).

## IV. CONCLUSION

For the reasons set forth above, the undisputed material facts in the record establish that Plaintiff is entitled to summary judgment. As such, Plaintiff's motion will be granted, and judgment will be entered in favor of Plaintiff and against the Defendants.

An appropriate Order follows.

**BY THE COURT:**

**Dated: February 9, 2018**                *s/ Karoline Mehalchick*
                                            **KAROLINE MEHALCHICK**
                                            **United States Magistrate Judge**